## Case No. 1,643.

### BOONE v. QUEEN.

[2 Cranch, C. C. 371.][1]

District Court, District of Columbia. April Term, 1823.

NEGOTIABLE INSTRUMENTS—CONSIDERATION.

If a promissory note be delivered by the maker to a third person, to be delivered to the payee upon his executing such a bond of conveyance as E. B. C. should draw, respecting a contract of sale between the payee and the maker, and such a bond be drawn by E. B. C., and executed by the payee of the note, and thereupon the note be delivered to the payee, he may recover upon it against the maker, although the bond may not be in all respects conformable to the original contract of sale; there not being a total want of consideration. But if the bond be so drawn in consequence of instructions fraudulently given to E. B. C. by the payee, he cannot recover upon the note.

Assumpsit by [Robert Boone] the payee against [Charles J. Queen] the maker of a promissory note for $1,300, payable twelve months after date. It appeared in evidence that the note was delivered by the defendant to one John Queen, with directions to go with the plaintiff to Mr. E. B. C. who was to draw or have drawn a bond of conveyance from the plaintiff to the defendant of the right of the plaintiff and his wife to the real estate of the late Joseph Queen; and that upon the plaintiff's executing such a bond of conveyance as Mr. E. B. C. should draw or have drawn, the said John Queen was to deliver the note to the plaintiff, all which was done. That the purchase was of the right of the plaintiff and his wife to the personal as well as real estate of the deceased, Joseph Queen, and that the personal estate and a small part of the real estate were not mentioned in the bond of conveyance.

THE COURT (THRUSTON, Circuit Judge, absent), at the prayer of the plaintiff, instructed the jury, that if from the evidence they should be satisfied, that the defendant, who was in the possession of the said real estate at the time of the sale, had ever since continued in possession of the same, and en-

joyed the profits thereof; and that the said E. B. C. was authorized, by the parties, to draw a bond of conveyance, on the subject of the said agreement, and that John Queen was authorized by the defendant to deliver the said note to the plaintiff upon his executing such a bond as E. B. C. should draw; and that such bond of conveyance was so drawn and executed by the plaintiff; and that the said John Queen delivered the said note to the plaintiff upon receiving the said bond,—then there is not such a failure of consideration as will prevent the plaintiff from recovering in this action. To this instruction the defendant objected, and took a bill of exceptions.

Mr. Wallach and Mr. Key, for the defendant, then prayed the court to instruct the jury, in effect, that if the bond so drawn by E. B. C. did not conform to the agreement of the parties, and that the plaintiff did not instruct, and inform E. B. C. truly and fairly as to the contract between the plaintiff and defendant, the plaintiff was not entitled to recover.

This instruction THE COURT refused to give, but instructed the jury that if they should be satisfied by the evidence that the plaintiff fraudulently instructed E. B. C. to draw a bond differing materially from the agreement of the parties, and that the bond so drawn did so differ, and that by means of the delivery of the bond so obtained by the fraud of the plaintiff he obtained possession of the said note, the plaintiff could not recover in this action; to which refusal, the defendant took a bill of exceptions.

Verdict for the plaintiff. No writ of error.